**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **JOHNNY MCELROY**, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | Judge |
| vs. | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **FANNIE MAY CONFECTIONS BRANDS INC.,** | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff Johnny McElroy ("Plaintiff"), on behalf of himself and all others similarly situated, for his Complaint against Defendant Fannie May Confections Brands Inc. ("Defendant"), states and alleges as follows:

## INTRODUCTION

1.     This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code Chapter 4111.

2.     Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

3.     Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA on behalf of other employees employed by Defendant in Ohio.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult individual residing in Canton, Ohio, in Stark County.

8. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

9. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and Ohio Rev. Code § 4111.03(D)(3).

10. Defendant Fannie May Confections Brands Inc. is a for-profit Utah that operates a candy production facility in North Canton, Ohio (Stark County). Defendant can be served via its statutory agent: Terry D. Mitchell, at 5353 Lauby Road, North Canton, OH 44720.

11. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and Ohio Rev. Code § 4111.03(D)(2).

12. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13.     At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14.     Plaintiff's written Consent to Join this Action is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

15.     Defendant manufactures, packages, distributes, and sells food products, in particular chocolate, throughout the United States.

16.     As a manufacturer of food products, Defendant is regulated by the U.S. Food and Drug Administration ("FDA"), and is subject to the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 9, *et seq.* (hereinafter "FDCA").

17.     In enforcing the FDCA, the FDA promulgates its own Good Manufacturing Practices ("GMPs") for the manufacturing, packing, or holding of human food, set forth in 21 C.F.R. § 110, with which Defendant is required by law to comply.

18.     The GMPs have a section dedicated to personnel, which specifically requires that "[a]ll persons working in direct contact with food, food-contact surfaces, and food-packaging materials **shall conform to hygienic practices while on duty** to the extent necessary to protect against contamination of food." 21 C.F.R. § 110.10(b) (emphasis added). These practices include, but are not limited to:

(1)     Wearing outer garments suitable to the operation in a manner that protects against the contamination of food, food-contact surfaces, or food-packaging materials.

(2)     Maintaining adequate personal cleanliness.

(3)     Washing hands thoroughly (and sanitizing if necessary to protect against contamination with undesirable microorganisms) in an adequate hand-washing facility before starting work, after each absence from the work station, and at any other time when the hands may have become soiled or contaminated.

(4)     Removing all unsecured jewelry and other objects that might fall into food, equipment, or containers, and removing hand jewelry that cannot be adequately sanitized during periods in which food is manipulated by hand. If such hand jewelry cannot be removed, it may be covered by material which can be maintained in an intact, clean, and sanitary condition and which effectively protects against the contamination by these objects of the food, food-contact surfaces, or food-packaging materials.

(5)     Maintaining gloves, if they are used in food handling, in an intact, clean, and sanitary condition. The gloves should be of an impermeable material.

(6)     Wearing, where appropriate, in an effective manner, hair nets, headbands, caps, beard covers, or other effective hair restraints.

(7)     Storing clothing or other personal belongings in areas other than where food is exposed or where equipment or utensils are washed.

(8)     Confining the following to areas other than where food may be exposed or where equipment or utensils are washed: eating food, chewing gum, drinking beverages, or using tobacco.

(9)     Taking any other necessary precautions to protect against contamination of food, food-contact surfaces, or food-packaging materials with microorganisms or foreign substances including, but not limited to, perspiration, hair, cosmetics, tobacco, chemicals, and medicines applied to the skin.

19.     Notably, "[r]esponsibility for assuring compliance by all personnel with all requirements of this part shall be clearly assigned to competent supervisory personnel." 21 C.F.R. § 110.10(d).

20.     The FDCA prohibits the adulteration of food, and the introduction or delivery for introduction into interstate commerce of any adulterated food.  21 U.S.C. § 331.

21.     Food is considered adulterated "if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth, or whereby it may have been rendered injurious to health[.]" 21 U.S.C. § 342(a)(4).

22.     Any person who violates 21 U.S.C. § 331 "shall be imprisoned for not more than one year or fined not more than $1,000, or both."  21 U.S.C. § 333(a)(1).

4

23.     In determining whether food is adulterated, the FDA applies the criteria and definitions set forth in the GMPs.  21 C.F.R. § 110.5(a).

24.     Consequently, if Defendant's employees did not follow the GMPs set forth in 21 C.F.R. § 110.10(b), they could be held criminally liable under 21 U.S.C. § 333(a)(1).

25.     Thus, it would be impossible for Plaintiff and the putative class members, who were engaged in the manufacturing, packaging, and handling of food products, to perform their work duties unless they wore sanitary clothing and other protective equipment.

26.     Indeed, if Plaintiff and the putative class members did not follow federal law and wear sanitary clothing and other personal protective equipment, it is possible, if not likely, that this would cause the spread of food-borne pathogens to those who consumed Defendant's products.

27.     Upon information and belief, Defendant would not want to endanger the public by encouraging or permitting its employees to disregard federal and/or state food-safety laws.

28.     Upon information and belief, Defendant would deem it impossible for its employees to perform their job duties unless they were in compliance with federal or state food safety laws, including the laws requiring Defendant's employees to wear sanitary and other protective equipment.

29.     As a result, compliance with the GMPs by Defendant's employees involved in the manufacturing, packaging, and handling of food is integral and indispensable to the work they are hired to do.

30.     Compliance with the GMPs by Defendant's employees involved in the manufacturing, packaging, and handling of food is an intrinsic element of their activities and one in which they cannot dispense if they are to perform their principal activities.

31.     Compliance with the GMPs by Defendant's employees involved in the manufacturing, packaging, and handling of food is a component of the work they are hired to do.

32.     Unless Defendant's employees involved in the manufacturing, packaging, and handling of food comply with the GMPs, they cannot complete their work.

33.     Therefore, the donning and doffing of sanitary clothing and other protective equipment, as well as handwashing, are integral and indispensable to the work performed by Defendant's employees who are involved in the manufacturing, packaging, and handling of food.

34.     Because the donning and doffing of sanitary clothing and other protective equipment, and handwashing, are integral and indispensable to the work performed by Defendant's employees who are involved in the manufacturing, packaging, and handling of food, the time spent donning and doffing and handwashing are compensable work time within the meaning of the FLSA and OMFWSA.

35.     The donning of sanitary clothing and other protective equipment by Defendant's employees involved in the manufacturing, packaging, and handling of food is those employees' first principal activity of the day.

36.     The doffing of sanitary clothing and other protective equipment by Defendant's employees involved in the manufacturing, packaging, and handling of food is those employees' last principal activity of the day.

37.     Plaintiff was employed by Defendant in the last three years in its chocolate manufacturing facility in Canton, Ohio.  Plaintiff's job duties involved the manufacturing, packaging, and handling of food products, such as chocolate. Other similarly situated employees are and were employed by Defendant in the manufacturing, packaging, and handling of food, such as chocolate, at Defendant's Canton, Ohio manufacturing facility.

38.     Though Plaintiff was placed at Defendant's Canton, Ohio facility by a temp agency, he and others similarly situated were sufficiently controlled by Defendant so as to make Defendant their employer under the FLSA and Ohio law.

39.     For example, Defendant exercised operational control over significant aspects of the day-to-day functions of employees, including Plaintiff and those similarly situated.

40.     Defendant had authority to hire, fire and discipline employees, including Plaintiff and those similarly situated.

41.     Defendant had authority to set rates and methods of compensation of employees, including Plaintiff and those similarly situated.

42.     Defendant had authority to control the work schedules and employment conditions of employees, including Plaintiff and those similarly situated.

43.     Defendant had authority and control of employment records.

44.     Defendant benefitted from the work performed by Plaintiff and those similarly situated.

45.     Because Plaintiff and other similarly situated employees are involved in the manufacturing, packaging, or handling of food, to comply with the GMPs they must wear sanitary clothing and other protective equipment, including, but not limited to, sanitary clothing such as lab coats, hair nets, face masks, and nitrile gloves.

46.     Plaintiff and other similarly situated employees who are involved in the manufacturing, packaging, or handling of food cannot complete their work unless they are wearing sanitary clothing and other protective equipment.

47.     Compliance with the GMPs by Plaintiff and other similarly situated employees is integral and indispensable to the work they are hired to do.

7

48.     Compliance with the GMPs by Plaintiff and other similarly situated employees is a component of the work they are hired to do.

49.     Compliance with the GMPs by Plaintiff and other similarly situated employees is an intrinsic element of their activities and one in which they cannot dispense if they are to perform their principal activities.

50.     The donning and doffing of sanitary clothing and other protective equipment is integral and indispensable to the work performed by Plaintiff and other similarly situated employees.

51.     The donning and doffing of sanitary clothing and other protective equipment by Plaintiff and other similarly situated employees is a component of the work they are hired to do.

52.     The donning and doffing of sanitary clothing and other protective equipment by Plaintiff and other similarly situated employees is an intrinsic element of their activities and one in which they cannot dispense if they are to perform their principal activities.

53.     The donning of sanitary clothing and other protective equipment by Plaintiff and other similarly situated employees is those employees' first principal activity of the day.

54.     The doffing of sanitary clothing and other protective equipment by Plaintiff and other similarly situated employees is those employees' last principal activity of the day.

55.     Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and were paid an hourly wage.

56.     Within the last three years, Defendant required Plaintiff and other similarly situated employees to don sanitary clothing and other protective equipment, and wash their hands, while at Defendant's facility, but prior to clocking in at the start of their shift. Plaintiff and other similarly situated employees were not paid for this time.

57.     Within the last three years, Defendant required Plaintiff and other similarly situated employees to wash their hands before entering the food manufacturing facility. Plaintiff and other similarly situated employees were not paid for this time.

58.     At the end of their scheduled shift, Plaintiff and other similarly situated employees were required to clock out and then doff their sanitary clothing and other protective equipment. Plaintiff and other similarly situated employees were not paid for this time.

59.     Additionally, when leaving for unpaid lunches, Plaintiff and others similarly situated had to doff their sanitary clothing and other protective equipment, and when returning from unpaid lunches they had to don the gear and wash their hands. However, they were not paid for this compensable work that took place during the unpaid lunch time.

60.     Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the three years preceding the filing of this Action, including donning and doffing time and associated travel.

61.     Plaintiff and other similarly situated employees were not paid for all of the time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands, or for associated travel.

62.     As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of 40 each workweek.

63.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

64.     The amount of time Plaintiff and other similarly situated employees spent performing unpaid work was at least approximately ten to fifteen minutes or more each day, if not more when

accounting for pre- and post-shift time, and work performed during unpaid lunches. This resulted in at least approximately 50 minutes to 1 hour and 25 minutes or more of unpaid overtime per class member, per week.

## COLLECTIVE ACTION ALLEGATIONS

65.     Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

66.     The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All current and former hourly employees who performed work for Fannie May Confections Brands Inc. and who were involved in the manufacturing, packaging, or handling of food or food products and who were required to don and/or doff sanitary clothing and other protective equipment and who worked 40 or more hours during a workweek at any time during the three (3) years preceding the date of the filing of this Action through final disposition of this matter**.

67.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as his own in bringing this action.

68.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively

adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

69.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all a class of persons employed by Defendant in Ohio within the last two years ("Ohio Class") defined as:

> **All current and former hourly employees who performed work for Fannie May Confections Brands Inc. and who were involved in the manufacturing, packaging, or handling of food or food products and who were required to don and/or doff sanitary clothing and other protective equipment and who worked 40 or more hours during a workweek at any time during the two (2) years preceding the date of the filing of this Action through final disposition of this matter.**

70.     The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, avers that it consists of at least 100 people.

71.     There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for donning and doffing time, handwashing, and associated travel, and whether that resulted in the underpayment of overtime.

72.     Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

73.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's

liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

74.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

75.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

76.     Plaintiff and other similarly situated employees were not paid for time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands, or for associated travel.

77.     Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

78.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands, or for associated travel, resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

79.    By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

80.    As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Overtime Violations)

81.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

82.    Plaintiff and other similarly situated employees were not paid for time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands, or for associated travel.

83.    Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

84.    Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for time spent donning and doffing their sanitary clothing and other protective equipment, washing their hands, or for associated travel, resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, Ohio Rev. Code § 4111.03(A).

85.    As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all persons similarly situated, prays that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B.     Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

C.     Award Plaintiff and the putative class actual damages for unpaid wages;

D.     Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative class;

E.     Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F.     Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G.     Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
Jeffrey J. Moyle (0084854)
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone:    (216) 230-2944
Facsimile:     (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
          jmoyle@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## **JURY DEMAND**

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*

*Counsel for Representative Plaintiff*

15